## PERSONAL FINANCE CO. OF ORLEANS PARISH v. BERNADAS et al.*
### No. 14526.

Court of Appeal of Louisiana. Orleans.
May 22, 1933.

Howard W. Lenfant, of New Orleans, for appellant.

Bert Flanders, Jr., of New Orleans, for appellee.

*Rehearing denied June 12, 1933.

WESTERFIELD, Judge.

The Personal Finance Company, a corporation authorized to do business under the Small Loan Act (No. 7 of the Extra Session of 1928), brought this suit against Eugene S. Bernadas, Clara E. Bernadas, and Fred A. Fischer, upon a promissory note for $300, subsequently reduced to $272.29, dated December 30, 1931, and bearing interest at the rate of 3½ per cent. per month until paid.

The case against Eugene and Clara Bernadas was, for some reason not entirely clear from the record, abandoned and the trial proceeded on the issue of Fred A. Fischer's responsibility. From a judgment dismissing plaintiff's suit it has appealed.

It appears that Eugene Bernadas, desiring to establish himself in the drug business, applied to the plaintiff loan company for a loan of $300 to purchase certain drug store fixtures. He was informed that since he was unemployed that the loan would not be made unless an indorser or comaker of responsibility could be found who would be willing to indorse for him. Bernadas then sought out his friend Fischer, the manager of the contract department of J. J. Clark Cement Company, who at first demurred but subsequently signed the note as an accommodation to Bernadas. It was contemplated that Bernadas should mortgage the fixtures in favor of the plaintiff and an act of mortgage was prepared in anticipation of Bernadas' acquisition of the property. The act was defective in that it was not signed by or in the presence of a notary public, and was without effect because the store fixtures upon which it was to rest were never acquired by the proposed mortgagor, Bernadas.

Fischer's defense is based upon the alleged fraudulent conduct of Alfred M. Owen, the manager of the plaintiff corporation. Owen, it is said, induced Fischer to sign the note under the pretense that he would not thereby assume any obligation because the property which was to be mortgaged was more than sufficient to secure the repayment of the loan; his signature being required as a mere formality and in compliance with the rules of the company. Owen is also said to have promised that no suit would be brought against Fischer in any event, whether the mortgaged property was sufficient to discharge the loan or not and whether Bernadas paid it or not. It is alleged that there was never any intention of mortgaging the store fixtures, the representation to that effect being entirely fallacious and fraudulent.

Pretermitting any consideration of whether the alleged prospective representations of the plaintiff's manager, if made with intent to deceive, may be considered as amounting to fraud, the only testimony in support thereof is that of the defendant Fischer, himself, who says that after having refused several times to indorse for Bernadas he finally yielded because of these assurances made to him by Owen; that Owen sought him out for the purpose of having him sign for Bernadas; that he came to his place of business for that purpose; and that relying upon the faith of what Owen said, he finally signed the note and chattel mortgage in blank.

When Fischer was on the stand, he was asked if he could identify Owen, and he replied that he could, and in an attempt to do so pointed out Mr. Villere, one of the attorneys in the case. Owen was placed on the witness stand and denied ever having seen Fischer or having made any statements or representations concerning the Bernadas loan.

The note which Fischer admits having signed does not appear to be in the record, but the mortgage which was also signed by Fischer is in the record, and we can discover no reason for Fischer to sign that instrument. The property which it purports to incumber was never in the possession of Fischer, nor was it contemplated that he should ever acquire it. The explanation of Bernadas concerning his failure to acquire the fixtures is that he could not raise sufficient funds to undertake the drug store business and accepted employment with another druggist instead.

Upon the showing thus made we are obliged to conclude that the defendant has failed to establish any fraud. We cannot refrain from the observation that it is most extraordinary that a business man and an executive of experience, such as Mr. Fischer is shown to have been, would have signed a note and mortgage in blank, the mortgage being of property which he did not own nor intend to acquire, no matter what statements or promises were made by the party asking him to sign, particularly since he was an utter stranger.

For the reasons assigned it is ordered that the judgment appealed from be and it is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the plaintiff, Personal Finance Company of Orleans Parish, and against Fred A. Fischer, defendant, in the sum of $272.29, with 3½ per cent. interest per month from May 16, 1932, until paid and for all costs.

Reversed.